OXLEY (GILPIN v.). See Case No. 5,450.

## Case No. 10,638.

### OXLEY v. TUCKER et al.

[1 Cranch, C. C. 419.] [1]

Circuit Court, District of Columbia. July Term, 1807.[2]

BANKRUPTCY OF PARTNER—SET OFF—DEBT DUE BY FIRM.

A defendant cannot, under the bankrupt law [of 1800 (2 Stat. 19)], set off a debt due to him from a partnership, against a claim by the assignee of one of the firm who became bankrupt.

Assumpsit by the assignee of Thomas Moore, a bankrupt [against John and James Tucker].

The defendants offered to set off a debt due to them by Henry and Thomas Moore.

C. Simms, for defendants, cited the 42d section of the bankrupt law (2 Stat. 19); 1 Esp. 117; 1 Atk. 133. Partners are jointly and severally bound. A separate commission may issue against one partner, upon a partnership debt; consequently a joint debt may be proved under a separate commission. At the dissolution, Thomas was authorized to settle the partnership affairs, and has testified that at the time the defendants purchased the goods, he intended they should go in discharge of the debt due.

Mr. Jones, contra. A separate commission may issue upon a joint debt, but if it issue on an individual debt, individual creditors only can come in and prove under that commission, until all the separate debts are paid. A partnership is not bound to pay the individual debt. Cooke, Bankr. Law, 237, 568, 582; Ex parte Elton, 3 Ves. 238.

A verdict was taken for the plaintiff, subject to the opinion of the court upon the following facts: Henry and Thomas Moore were indebted to the defendants in $100. The defendants were indebted to Thomas Moore, after the dissolution of the partnership, and before the bankruptcy, in $113. Thomas Moore was authorized by his partner to settle the partnership concerns, collect the debts due to the partnership, and pay the debts due from the partnership, as far as the joint funds would extend. After the dissolution, the defendants, knowing thereof, and that Thomas Moore was carrying on business on his separate account, at several times purchased of Thomas Moore, goods to the amount of $113. Thomas Moore, being examined as a witness, proved that it was his intention, at the time of selling those goods to the defendants, to give them credit for the joint debt due from Henry and Thomas Moore; but nothing was said or agreed on the subject between them, nor was such credit ever given before his bankruptcy.

THE COURT (nem. con.) gave judgment for the plaintiff, because it appeared to be a naked case of set-off of debts due in different rights. And although a joint debt may be proved under a separate commission, yet it is only to enable the joint creditor to come in for his share of the surplus, after payment of the separate creditors.

This judgment was reversed by the supreme court (5 Cranch [9 U. S.] 34), because a defendant may set off a joint debt by virtue of the bankrupt law.